UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ELIZABETH WAYMIRE**
    **Plaintiff,**
vs.                                            CASE NO.: 6:20-cv-01284

**DISCOVERY AVIATION, INC**
a Foreign For Profit Corporation,
and
**MAGOMED MAGOMEDOV**,
individually,

    **Defendants.**
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **ELIZABETH WAYMIRE** (hereinafter "Plaintiff") by and through her undersigned counsel, sues Defendants, **DISCOVERY AVIATION, INC** and **MAGOMED MAGOMEDOV**, (hereinafter collectively "Defendants"), and alleges as follows:

*Introduction*

1. This is an action by the Plaintiff against her former employers for unpaid minimum wages, liquidated damages and other relief arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

*Parties, Jurisdiction and Venue*

2. The unlawful employment practices alleged were committed within Brevard County, Florida.

3. Plaintiff, ELIZABETH WAYMIRE is and has been a resident of Brevard County, Florida, at all times material herein.

4. Defendant, DISCOVERY AVIATION, INC, is a Delaware corporation transacting business in Brevard County, Florida at all time material herein.

5. Defendant, MAGOMED MAGOMEDOV is a foreign person transacting business in Brevard County, Florida, at all times material herein.

6. At all time relevant, DISCOVERY AVIATION INC, operated an aviation company with its principal place business located at 100 Aerospace Dr, Unit 4, Melbourne, FL 32901.

7. This action arises under FLSA, 29 U.S.C. § 206(a)(1). The Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

### *General Allegations*

8. Plaintiff was an employee of Defendants within the meaning of FLSA, 29 U.S.C. § 203(e).

9. Defendants are employers as defined by FLSA, 29 U.S.C. § 203(d).

10. At all times material hereto Plaintiff was engaged in commerce or in the production of goods for commerce per 29 U.S.C. § 207(a).

11. Plaintiff handled the sale of goods that passed through interstate commerce as they were delivered from other states.

12. At all times material hereto Defendant, DISCOVERY AVIATION, INC. was engaged in interstate commerce per 29 U.S.C. §203(s) because it had employees who engaged in the manufacturing, production and sales of aircrafts which travelled in interstate commerce and sold aircrafts to customer in other states.

13. At all times material hereto, Defendant, DISCOVERY AVIATION, INC. had an annual gross dollar volume of sales made or business done of not less than five hundred thousand dollars ($500,000) per 29 U.S.C. § 203(s).

14. Defendant, DISCOVERY AVIATION, INC., operates as a fully integrated aircraft manufacturer also engaged in engineering, flight testing and aircraft sales and service.

15. At all times relevant to this action Defendant, MAGOMED MAGOMEDOV regularly exercised the authority to: (a) hire and fire employees of DISCOVERY AVIATION, INC; (b) determine the work schedules for the employees of and (c) control the finances and operations of DISCOVERY AVIATION, INC. By virtue of having regularly exercised that authority on behalf of DISCOVERY AVIATION, INC, Defendant MAGOMED MAGOMEDOV was an employer of the Plaintiff as defined by 29 U.S.C. §201, et seq.

16. Plaintiff does not possess the complete records relating to her work hours and compensation; Defendants are in possession of such records, and responsible for their storage and safekeeping.

17. All conditions precedent to the institution and maintenance of this cause of action have been met or waived.

18. Plaintiff has retained the law firm of Arcadier, Biggie & Wood, PLLC. to represent his interest in this matter and Plaintiff has agreed to pay said firm a reasonable attorney's fee for its services.

## COUNT I: VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FAIR LABOR STANDARDS ACT UNDER FEDERAL LAW

19. Plaintiff re-alleges and incorporates paragraphs 1 through 18 of this Complaint as set forth in full herein.

20. The action is brought pursuant to the employment relationship of the parties in regards to unpaid minimum wages

21. Defendants violated 29 U.S.C. § 206, the ("Federal minimum wage provision") by failing to compensate the Plaintiff at a rate not less than $7.25 an hour.

22. In or about March 5, 2018, Plaintiff began working for Defendants.

23. Plaintiff worked as a Quality Inspector for the Defendants.

24. Plaintiff's employment with Defendants ended in or about February 21, 2020.

25. Plaintiff worked as an hourly employee earning a rate of $26 an hour.

26. On or about January 27, 2019 thru February 21, 2020, Plaintiff was not paid for all hours worked.

27. Plaintiff did not receive payment for in excess of five hundred seventy-five (575) hours worked during the course of her employment with the Defendants.

28. Plaintiff was entitled under FLSA to be paid minimum wages for each hour worked during her employment with Defendants.

29. Defendants are not exempt from the minimum wage provision of the FLSA. Paying Plaintiff less than minimum wage is a violation of the Fair Labor Standards Act.

30. Defendants' actions were intentional, reckless or malicious.

31. Defendants actions were willful and not in good faith.

32. Defendant did not have a good faith basis for their decision not to pay Plaintiff her unpaid minimum wages.

33. As a direct, foreseeable, and proximate cause of Defendants' actions Plaintiff have been damaged.

34. Specifically Defendants are liable to the Plaintiff for liquidated damages, and attorney fees and costs in conjunction with this action

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which she may be entitled, including, but not limited to:

    A. Unpaid minimum wages found to be due and owing;

    B. An additional and equal amount of liquidated damages;

    C. An award of reasonable attorney's fees and all costs incurred herein; and

D.     All other damages to which Plaintiffs may be entitled

## COUNT II: VIOLATION OF THE MINIMUM WAGE PROVISIONS OF FLORIDA STATUTE §448.110

35.    Plaintiff re-alleges and incorporates paragraphs 1 through 18 of this Complaint as set forth in full herein.

36.    The action is brought pursuant to the employment relationship of the parties in regards to unpaid minimum wages

37.    Defendants violated Florida Statute §448.110, the Florida Minimum Wage Act ("FMWA") by failing to compensate the Plaintiff at a rate not less than the Florida minimum wage.

38.    In 2019, the Florida minimum wage was $8.46 per hour.

39.    In 2020, the Florida minimum wage was $8.56 per hour.

40.    In or about March 5, 2018, Plaintiff began working for Defendants.

41.    Plaintiff worked as a Quality Inspector for the Defendants.

42.    Plaintiff's employment with Defendants ended in or about February 21, 2020.

43.    Plaintiff worked as an hourly employee earning a rate of $26 an hour.

44.    On or about January 27, 2019 thru February 21, 2020, Plaintiff was not paid for all hours worked.

45.    Plaintiff did not receive payment for in excess of five hundred seventy-five (575) hours worked during the course of her employment with the Defendants.

46.    Plaintiff was entitled under FMWA to be paid minimum wages for each hour worked during her employment with Defendants.

47.    Defendants are not exempt from the minimum wage provision of the FMWA. Paying Plaintiff less than minimum wage is a violation of the FMWA.

48. Defendants' actions were intentional, reckless or malicious.

49. Defendants actions were willful and not in good faith.

50. Defendant did not have a good faith basis for their decision not to pay Plaintiff her unpaid minimum wages.

51. As a direct, foreseeable, and proximate cause of Defendants' actions Plaintiff have been damaged.

52. Specifically Defendants are liable to the Plaintiff for liquidated damages, and attorney fees and costs in conjunction with this action

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which she may be entitled, including, but not limited to:

    E.    Unpaid minimum wages found to be due and owing;

    F.    An additional and equal amount of liquidated damages;

    G.    An award of reasonable attorney's fees and all costs incurred herein; and

    H.    All other damages to which Plaintiffs may be entitled

### COUNT III: BREACH OF CONTRACT - UNPAID WAGE

53. Plaintiff re-alleges and incorporates paragraphs 1 through 18 of this Complaint as set forth in full herein.

54. This is an action for unpaid wages owed to the Plaintiff.

55. At all time material hereto, Plaintiff was employed by Defendants as a Quality Inspector.

56. In or about March 5, 2018, Plaintiff and Defendants entered into an employment agreement wherein Plaintiff would provide services as a Quality Inspector for the benefit of Defendants to with Defendants would compensate Plaintiff.

57. Defendant agreed to pay the Plaintiff at a rate of $26 per hour.

58. Plaintiff fully complied with the terms of the parties' agreement by performing her job duties in a professionally competent manner.

59. Defendants breached the agreement by failing to pay Plaintiff her wages in excess of at least five hundred seventy-five (575) hours that she worked.

60. Plaintiff is owed $14,943.99 in damages as a result of Defendant's failure to pay.

61. Plaintiff was damaged as a result of wages being withheld by Defendants.

62. Defendants' actions were willful and not in good faith.

**WHEREFORE**, Plaintiff pray for judgment against Defendants for all damages to which she may be entitled, including, but not limited to:

    A. Judgment for the back pay found to be due and owing to the Plaintiff;

    B. Such other relief as this Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues herein triable by jury.

DATED this 21st day of July 2020.

        **ARCADIER, BIGGIE & WOOD, PLLC.**

        */s/ Joseph C. Wood, Esquire*
        Maurice Arcadier, Esquire
        Florida Bar No.: 0131180
        Joseph C. Wood, Esquire
        Florida Bar No.: 0093839
        Attorneys for Plaintiff
        2815 W. New Haven, Suite 304
        Melbourne, Florida 32904
        Primary Email: office@abwlegal.com
        Secondary Email: arcadier@abwlegal.com
        Phone: (321) 953-5998
        Fax: (321) 953-6075